# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELMAR P. GRAY, Inmate #B51265,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 04-118-JPG |
| **CHARLES L. HINSLEY, MARVIN POWERS, and TERRY CALIPER,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former inmate in the Tamms Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Hinsley, Powers, and Caliper for denial of medical care.

---

[1] Plaintiff informed the Court in January 2005 that he was released from Tamms Correctional Center and now resides in Chicago, Illinois.

**COUNT 2:** Against Defendants Hinsley, Powers, and Caliper for improper retaliation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this complaint are legally frivolous and thus subject to summary dismissal.

<u>COUNT 1</u>

*Stomach Pain and Blood in Stool*

Plaintiff states that between July and December 2003, Defendant Powers refused to treat him for chronic "boiling" stomach pain and blood-tinged stools. Plaintiff states that on July 3, 2003, Dr. Powers examined him and did a test for blood in his stool, which was negative. Plaintiff states that Defendant Powers displayed "hostile unprofessional conduct" and refused him medical care. The medical record submitted with the complaint indicates that Dr. Powers performed abdominal, rectal and prostate exams, all of which were normal, and testing of a stool sample revealed no blood. Defendant Powers wrote, "complaints not corroborated."

On the same date, Plaintiff also began a hunger strike. Plaintiff states that the hunger strike was undertaken in an attempt to get proper medical treatment. On July 6, Plaintiff was given his hypertension medications in his cell by a nurse, at which time he showed her feces that had blood on it. As a result, Plaintiff saw Defendant Powers the next day, July 7. Plaintiff states that Defendant Powers refused to treat him, stating "there is nothing wrong." The medical record submitted with the complaint indicates that Plaintiff refused a rectal exam and a test to determine whether there was blood in his stool. Plaintiff states that on July 11, Defendant Powers accused him of eating while on his hunger strike (Plaintiff states that while he was out of his cell, Defendant Powers entered it to look for evidence that he had been eating), and pressured him to end the strike. On or near that date Plaintiff was moved to the infirmary for observation. Plaintiff states that on July 14, Defendant Caliper harassed him regarding his medical complaints and his hunger strike. Plaintiff states that one the same day, July 14, his stomach pain was so severe that he voluntarily ended the hunger strike.

On July 22, Plaintiff had a bowel movement in the prison library bathroom that contained visible blood. He informed a corrections officer who summoned a nurse. The nurse took and tested the sample, which was positive for blood. As a result, he was seen by a nurse at sick call on July 23, and then on July 25 by Defendant Powers who performed an autoscopy on Plaintiff which showed a small, bleeding hemorrhoid. Defendant Powers prescribed Anusol for seven days.

Defendant Powers examined Plaintiff again on August 25, and performed an abdominal exam which was normal. Plaintiff states he reported to Dr. Powers that there had been blood in his stool, but the medical record submitted by Plaintiff shows that Plaintiff complained of stomach pain and gas, but reported he had not seen any blood. Defendant Powers noted specifically in the medical chart that Plaintiff showed no outward indication of pain, stating "He entered the exam yelling

greetings to other inmates, and was smiling in the exam room.  He talks, laughs, moves around very well."  Plaintiff states that Defendant Powers told him nothing was wrong and gave him no medication for his "ongoing medical issue."

Plaintiff sent sick call slips to Defendant Caliper on August 28, 29, and 30, but they were ignored.  Plaintiff states he told Defendant Powers on his rounds of stomach pain and blood in his stool on August 26, and September 2 and 9.  He sent sick calls slips to Nurse Twyla Walton (not a defendant) on September 10, 19, and 26.  Nurse Walton saw Plaintiff on September 29.  He complained of stomach pain and constipation.  The next day, September 30, on referral from Nurse Walton, Plaintiff saw Defendant Powers again complaining of "boiling pain," gas, and blood in his stool.  Defendant Powers noted Plaintiff appeared to be in no distress and an abdominal exam was normal.  Defendant Powers noted in the chart, "will monitor."  Plaintiff states that at the appointment, Defendant Powers refused to give him any medication.

Plaintiff sent sick call slips on October 3, 9, 16, and 26, and on November 2, 10, 12, and 17, but did not see Defendant Powers again until November 19.  Plaintiff again complained of blood in his stool and "boiling" stomach pain.  Defendant Powers performed abdominal, rectal, and prostate exams, all of which were normal.  Plaintiff's stool was negative for blood.

Plaintiff sent sick call slips on November 28 and December 4 and 8.  All were ignored by Defendant Caliper.  On December 10, Plaintiff gave a stool sample to Nurse Linda Mileur for testing.  During rounds, Defendant Caliper told Plaintiff it was negative for blood.

### *Other Medical Problems*

Plaintiff states that he suffered from chronic sinus problems that were treated only twice between March 2002 and the filing of the complaint (February 2004).  The medical record submitted

with the complaint shows that Plaintiff saw medical personnel on May 22, 2003, for sinusitis. He was given Tylenol and Guiatuss and was told to increase his fluid intake. He saw Defendant Powers for a follow-up appointment on May 28, 2003. Plaintiff's ears and throat were normal and his chest was clear. Dr. Powers prescribed sinus medication for ten days. Plaintiff was seen for another follow-up appointment on June 13, 2003. Dr. Powers examined him and found everything normal.

Plaintiff also states that he complained to Defendant Powers of a lump on his right testicle. Dr. Powers examined Plaintiff and found that it was "a very tiny fibroid nodule" that was round and non-tender. Plaintiff states that Dr. Powers told him nothing was wrong.

*Legal Standards*

Plaintiff states that Defendant Powers ignored his complaints of boiling stomach pain, blood in his stool, sinus problems, and testicular lump, resulting in deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's

> necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical

risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

In his complaint, Plaintiff describes his medical treatment for stomach problems over a six month period. During this period, Plaintiff was seen and examined by Defendant Powers five times. His stool was positive for blood only once, on July 22, and on his next appointment, July 25, Defendant Powers performed an autoscopy that revealed a small hemorrhoid. Defendant Powers treated the hemorrhoid. Several other tests were conducted during the six-month period and none showed blood in his stool. It is clear from the records submitted by Plaintiff himself that Defendant Powers continued to monitor Plaintiff's condition. This is not deliberate indifference. Plaintiff may have wished for a different treatment than that received from Defendant Powers, but mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Plaintiff also complained of sinus problems and a testicular lump. Records submitted by Plaintiff himself indicate that when he complained about these problems, he was seen within a very short time. This, too, is not deliberate indifference.

As such, Plaintiff has not stated a claim of deliberate indifference to a serious medical need. Accordingly, this claim is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

**COUNT 2**

Plaintiff states that he received inadequate health care from Defendants Powers and Caliper

in retaliation for his filing a lawsuit against them in June 2003.  Plaintiff states that Defendant Hinsley intentionally denied his grievances and ignored letters about Plaintiff's health care needs also in retaliation for the lawsuit.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

Based on these standards, the Court cannot dismiss the claims in Count 2.

**SUMMARY AND CONCLUSION**

Plaintiff is allowed to proceed against Defendants Hinsley, Powers, and Caliper on Count 2 of the complaint.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Hinsley, Powers, and Caliper***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Hinsley, Powers, and Caliper*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: June 23, 2006**

                s/ J. Phil Gilbert  
                **U. S. District Judge**