IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELMAR P. GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-118-JPG |
| ) | |
| CHARLES L. HINSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss, filed by the Defendants Charles Hinsley and Terry Caliper on January 23, 2007 (Doc. 16). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that the claims against Defendants in their official capacities be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiff, a former inmate in the Tamms Correctional Center, filed this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 on February 23, 2004. On June 23, 2006, the District Court dismissed Count 1 of Plaintiff's complaint, but allowed Plaintiff to proceed on Count 2, a retaliation claim, which alleged that Defendants Hinsley, Powers, and Caliper provided Plaintiff inadequate health care in retaliation for his filing a lawsuit against them in June 2003 (Doc. 9). Plaintiff informed the Court in January 2005 that he

was released from the Tamms Correctional Center in June 2004, and currently resides in Chicago, Illinois (Doc. 8).

On January 23, 2007, Defendants filed the instant Motion to Dismiss for Failure to State a Claim (Doc. 16), urging the Court to dismiss the "official capacity" claims against Defendants on Eleventh Amendment sovereign immunity grounds. Plaintiff failed file a response to the motion.

## CONCLUSIONS OF LAW

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must regard the allegations in the complaint as true, viewing all facts and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Weiler v. Household Finance Corp., 101 F.3d 519, 524 n. 1 (7th Cir.1996) (citations omitted).

Here, the Court must accept as true Plaintiff's allegations in his Complaint that he received inadequate health care from Defendants Powers and Caliper in retaliation for his filing a lawsuit against them in June 2003, and that Defendant Hinsley intentionally denied his grievances and ignored letters about Plaintiff's health care needs also in retaliation for the filing of the this June 2003 lawsuit. Because prison officials may not retaliate against inmates for filing grievances or otherwise complaining about conditions of their confinement, see, eg., Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002), Plaintiff states a colorable claim of retaliation.

Accepting these allegations as true, the Court nonetheless agrees that Plaintiff's claims against Defendants in their official capacity must be dismissed. The State, state agencies, and state officials acting in their official capacities are not "persons" who may be sued for damages under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 45, 71 (1989); Omosegbon v. Wells, 335 F.3d 668, 672-73 (7th Cir. 2003). This is because the Eleventh Amendment bars suits for money damages against a state, its officials acting in their official capacities, and its agencies. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir.2001). As there has been no showing that Congress has abrogated Illinois' immunity or that Illinois has consented to suit, Plaintiff cannot obtain damages from Defendants insofar as they are sued in their official capacities.

A plaintiff may, however, pursue a claim for injunctive relief against defendants in their official capacities without running up against the sovereign immunity bar of the Eleventh Amendment. "A private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." Brown v. Budz, 398 F.3d 904, 917-918 (7th Cir. 2005) (citing Dean Foods Co. v. Brancel, 187 F.3d 609, 613 (7th Cir. 1999)); Ex Parte Young, 209 U.S. 123, 159-60 (1908).

In this case, Plaintiff has requested injunctive relief in that his Complaint (Doc. 1) seeks to have various conditions added to the chronic illness list at Tamms Correctional Center and seeks to have certain unnamed individuals removed from the mail room at Tamms Correctional Center. Although the Eleventh Amendment does not bar these claims for injunctive relief against Defendants in their official capacities, Plaintiff's claims for injunctive relief against Defendants in their official capacities are nevertheless moot and should be dismissed. Plaintiff

has not resided in Tamms Correctional Center since he was released from incarceration in June of 2004.  In order to avoid dismissal of his claims for injunctive relief, Plaintiff would have to demonstrate that he is likely to return to the custody of Tamms Correctional Center. Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996).  Plaintiff has not demonstrated any likelihood of return to Tamms Correctional Center and, therefore, his claim for injunctive relief against Defendants in their official capacities must be dismissed.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 16) be **GRANTED**, that the claims against Defendants in their official capacities be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 14, 2007**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**