IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELMAR P. GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:04-cv-118-JPG |
| CHARLES L. HINSLEY, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Failure to Prosecute, filed by Defendants Charles Hinsley and Terry Caliper on June 27, 2007 (Doc. 29). For the reasons set forth below, it is **RECOMMENDED** that the motion to dismiss be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff, a former inmate in the Tamms Correctional Center, filed this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 on February 23, 2004. Defendants filed their answers or other responsive pleadings in January 2007, and this Court entered a scheduling order that same month. About a month before discovery was to be completed, Defendants filed the instant Motion to Dismiss (Doc. 29), alleging that Plaintiff's deposition was scheduled to take place at 3:00 p.m. on June 19, 2007, but that Plaintiff failed to appear or notify counsel that he would be unable to attend. Defendants also attached in support of the motion a letter addressed to Plaintiff noticing up the deposition. Defendants seek, as a

discovery sanction, dismissal of this action under Fed. R. Civ. P. 37(d).

On July 20, 2007, this Court issued a Notice and Order to Respond (Doc. 34), giving Plaintiff notice regarding the necessity of a response pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), and further ordering a response by August 20, 2007. On August 20, 2007, Plaintiff filed a Motion for Extension of Time (Doc. 35), which states that Plaintiff was unable to attend his deposition because he has been held within the Cook County Jail as a detainee since April 26, 2007. The Court accepts the Motion as an adequate response to the Court's Order and Notice to Respond (Doc. 34). Plaintiff further states that due to his detention, he was unable to access his mail and was unaware that Defendant's motions had been filed. Plaintiff requests that a copy of Defendants' motion to dismiss, the complaint, and all exhibits to the complaint be sent to Plaintiff so that he might be able to respond. Plaintiff also requests an unspecified amount of additional time to file his response to Defendants' Motion for summary judgment. The Court has ruled on the Motion for Extension of Time (Doc. 35) in a separate order, granting additional time to respond.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an action for failure to prosecute and for failure to comply with court orders. In this case, Defendants argue that such a dismissal is warranted because Plaintiff failed to attend his deposition after receiving notice of the time and place that the deposition was to take place. Plaintiff responds that he did not receive notice of the deposition, and would not be able to attend anyhow, because he was detained in the Cook County Jail on the date that the deposition was scheduled to take place. The Certificate of Service accompanying the Notice of Deposition

attached by Defendants as an exhibit to their motion to dismiss states that the notice was sent on June 12, 2007, notifying Plaintiff that his deposition was to take place on June 19, 2007. Plaintiff states that he was detained from April 26, 2007, through the date of his motion for extension of time, dated August 20, 2007.

The Court **RECOMMENDS** that the Motion to Dismiss for Failure to Prosecute (Doc. 29) be **DENIED**. Plaintiff provided the court with good cause for missing his deposition, as he was physically unable to attend the deposition as noticed. Further, Rule 30 requires that a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing. Given the pro se status of Plaintiff, and the fact that Defendants could not reach him by telephone, the Court believes more time should have been given when noticing up his deposition. If the standard three-day rule were applied, Plaintiff could be expected to have received the notice by Friday, June 15, 2007, for his deposition scheduled for Tuesday, June 19, 2007.

It is not lost on the Court that Plaintiff failed to update his change of address until July 18, 2007, despite his detention beginning April 26, 2007. Yet the Court does not find that dismissal for failure to prosecute is warranted at this time. Plaintiff is **WARNED** however, that failure to keep the Court timely informed of any change of address in the future may lead to dismissal <u>with</u> prejudice.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss for Failure to Prosecute (Doc. 29) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 12, 2007**

>*s/ Donald G. Wilkerson*
>**DONALD G. WILKERSON**
>**United States Magistrate Judge**