UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELMAR P. GRAY,

Plaintiff,

v.

CHARLES HINSLEY, *et al.*,

Defendants.

Case No. 04-cv-118-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 43) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant the motion for summary judgment filed by defendant Marvin Powers ("Powers") (Doc. 30). Plaintiff Delmar P. Gray ("Gray") has asked for reconsideration of the Report, which the Court construes as an objection (Doc. 44).

**I. Report Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II. The Report and Objections**

The remaining claim in this case against Powers involves Count 2, the charge that Powers provided Gray inadequate health care in retaliation for his filing a lawsuit against Powers in June 2003. The Report adequately sets forth the allegations regarding the relevant events, and the

Courts sees no need to repeat them here. The Report noted that in support of his summary judgment motion Powers submitted an affidavit stating that he was not aware of any grievance filed against him by Gray prior to or in June 2003 and that he did not alter his assessment or treatment of Gray based on any grievance or lawsuit Gray had filed. Gray failed to respond to the summary judgment motion despite being given a warning about the consequences of failing to respond and a lengthy extension of time to do so. As a consequence, Magistrate Judge Wilkerson accepted Powers's statements as true and found that Gray could not prove retaliation.

In Gray's objection, he asserts that in June 2003 Powers was aware of grievances filed against him and points to a September 5, 2002 grievance attached to his June 2003 lawsuit in which he complaints about Powers's treatment of Gray's knee and shoulder pain. That attachment shows that Tamms's Health Care Administrator Terry Caliper ("Caliper"), a codefendant in this case, responded to Gray's complaints by explaining how and why Powers evaluated and treated Gray. He also refers to grievances supposedly filed in this case, but the Court has been unable to locate any such grievances in the file.

## III. Analysis

### A. Exhaustion of Remedies

There is a fundamental flaw with the Report. It recommends a disposition based on the merits of this action – that Gray cannot prove Powers's conduct was motivated by his protected activity in violation of Gray's First Amendment rights – without addressing Powers's argument that Gray has failed to exhaust administrative remedies. A prisoner may not file a § 1983 suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The problem with the Report that the Seventh Circuit Court of Appeals has explicitly held that the § 1997e(a) exhaustion requirement issue cannot be avoided on summary judgment by diving straight

into the merits of the case: "Application of a law designed to prevent decision on the merits cannot be avoided by making the very decision whose propriety is contested, then declaring the decision-avoidance statute 'moot.'" *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999). The Court of Appeals concluded that "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits. . . ." *Id.* at 835. Thus, if the exhaustion of remedies defense can dispose of this case, the Court cannot make a decision like that recommended by the Report.

Nevertheless, this case should not be dismissed for failure to exhaust administrative remedies. Powers presents evidence in support of his summary judgment motion that Gray has not exhausted through the final level of administrative review any grievance against him for deliberate indifference to a serious medical need. However, Gray's claim for deliberate indifference to a serious medical need is no longer at issue in this case; it was dismissed during the Court's threshold review pursuant to 28 U.S.C. §1915A (Doc. 9). There is no evidence showing Gray has failed to exhaust his remedies with respect to his retaliation claim, so the Court cannot dispose of this claim based on 42 U.S.C. § 1997e(a). The Court now turns to the merits of Gray's claim.

B. Qualified Immunity

Powers argues that he is entitled to summary judgment on the basis of qualified immunity. Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004);

*accord Saucier v. Katz*, 533 U.S. 194, 206 (2001). It applies only to state officials who occupy positions with discretionary or policymaking authority and who are acting in their official capacities. *Harlow*, 457 U.S. at 816; *Denius*, 209 F.3d at 950.

A court required to rule upon the qualified immunity issue must first consider whether the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see Brosseau v. Haugen*, 543 U.S. 194, 197 (2004); *Wilson v. Layne*, 526 U.S. 603, 609 (1999). If it is clear that there has been no constitutional violation, there is no need for further inquiry; the officer is entitled to qualified immunity. *Saucier*, 533 U.S. at 201. In the interest of promoting clarity in legal standards, the Court should decide the first question even if the officer is clearly immune. *Wilson*, 526 U.S. at 609; *Denius*, 209 F.3d at 950.

If the evidence demonstrates that there may have been a constitutional violation, then the court should determine whether the right allegedly violated was clearly established at the relevant time. *Id*. at 202. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id*. at 201; *see McNair v. Coffey*, 279 F.3d 463, 465 (7th Cir. 2002). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier*, 533 U.S. at 202. The plaintiff bears the burden of demonstrating that a constitutional right is clearly established. *Denius*, 209 F.3d at 950.

The Court picks up the Report again in making the first inquiry: whether Gray can establish a constitutional violation. The Court conducts a *de novo* review of this question since Gray has filed an objection.

The Court rejects Gray's objection for a number of reasons. First, Gray has waived his current arguments because he failed to raise them in his response to Powers's summary judgment

motion. Ordinarily, arguments raised for the first time in an objection are waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Divane v. Krull Electric Co.*, 194 F.3d 845, 849 (7th Cir. 1999). "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . . Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Melgar*, 227 F.3d at 1040.

Second, even if Gray had not waived his arguments, the evidence does not support his position. While the September 5, 2002, grievance is about Powers, he did not respond to it. Caliper responded to the grievance, not Powers, and there is nothing in the grievance that shows Powers was even aware of it. Indeed, Powers's affidavit shows that he was not. Likewise, there is no evidence Powers was aware of the June 2003 lawsuit. The lawsuit never made it beyond the Court's threshold review under 28 U.S.C. § 1915A and was never served on Powers. Logic dictates that in order to retaliate for a protected act, the alleged retaliator must know of the act. In the absence of evidence of Powers's knowledge of Gray's protected speech, Gray cannot prove retaliation.

Furthermore, even if the September 5, 2002, grievance to which Gray points showed that Powers had been aware of a grievance filed against him, it does not demonstrate that his subsequent actions were retaliatory. "It is not enough for a plaintiff to show that a given defendant knows of protected speech; the plaintiff also must show that the speech, and the defendant in question, played a causal role in the adverse decision." *Nisenbaum v. Milwaukee Co.*, 333 F.3d 804, 807 (7th Cir. 2003). Gray appears to be relying solely on the fact that the alleged retaliatory

acts followed his grievance to provide this causal connection. However, timing of an action, without more, is rarely sufficient to establish the protected activity was a motivating factor for the action. *Nieves v. Board of Educ*., 297 F.3d 690, 694 (7th Cir. 2002); *Pugh v. City of Attica*, 259 F.3d 619, 630 (7th Cir. 2001). Suspicious timing is only sufficient to establish a causal connection if the action follows very close after the protected activity. *Clark Co. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (*per curiam*).

In this case, Gray's alleged inadequate treatment began in July 2003, approximately ten months after his grievance about Powers's medical treatment. The Court of Appeals has held that a six-month period between the protected activity and the alleged retaliation is insufficient by itself to establish a causal connection, *see Juarez v. Ameritech Mobile Commc'ns, Inc*., 957 F.2d 317, 321 (7th Cir. 1992), so a ten-month period surely is insufficient by itself to show causation based on Gray's grievance.

In sum, no reasonable jury could find Powers retaliated against Gray. Therefore, Powers is entitled to qualified immunity.

For these reasons, the Court **ADOPTS** the Report (Doc. 43) in its entirety as **SUPPLEMENTED** by this order; **GRANTS** Powers's motion for summary judgment (Doc. 30), **DISMISSES** Powers from this action and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: May 8, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**