IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELMAR P. GRAY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-cv-118-JPG-DGW |
| CHARLES HINSELY, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert, pursuant to 28 U.S.C. §636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on Defendants Charles Hinsley and Terry Caliper's (collectively "Defendants") Motion for Summary Judgment (Doc. 47). For the reasons set forth below, it is **RECOMMENDED** that the Court adopt the following findings of fact and conclusions of law and that Defendants' Motion for Summary Judgment be **GRANTED.**

## FINDINGS OF FACT

In 2003, while Plaintiff was incarcerated at Tamms Correctional Center ("TCC")[1], he experienced chronic stomach problems that caused him to pass blood in his stool (Doc. 1, 9). This condition lasted approximately five months and former defendant Powers, a medical doctor, treated Plaintiff for this condition five times. *Id.*

On February 23, 2004, Plaintiff filed this lawsuit and alleges that although he received treatment for his stomach problems, the medical treatment he received was inadequate. *See* Doc. 9. He therefore alleged in his Complaint that defendants Hinsley, Caliper, and Powers violated

---

[1] Plaintiff is currently incarcerated at the Hill Correctional Center.

42 U.S.C. §1983 by being deliberately indifferent to his medical needs and by retaliating against him for a lawsuit he filed in 2003. *See* Doc. 1.

On June 23, 2006, the Court reviewed Plaintiff's complaint in accordance with 28 U.S.C. §1915A, dismissed Plaintiff's deliberate indifference claim against all three defendants, and permitted Plaintiff's retaliation claims to proceed (Doc. 9). On January 13, 2007, defendants Hinsley and Caliper moved to dismiss the official capacity claims against them (Doc. 16). The court granted their motion on July 13, 2007 (Doc. 32). On July 11, 2007, defendant Powers moved for summary judgment and the Court granted his motion, dismissing him from the case on May 8, 2008 (Doc. 46). Thus, the only remaining claims are Plaintiff's retaliation claims against defendants Hinsley and Caliper.

Plaintiff's retaliation claim against defendant Caliper arises out of Caliper's role as the health care administrator at TCC (Doc. 48-3, Exhibit B). She is not a physician and does not determine what medical treatment an inmate receives. Her role is to make sure inmates, who fill out request slips when they seek medical treatment, receive the medical attention they need. She also coordinates TCC's healthcare operations. *Id.* During Plaintiff's deposition, Plaintiff stated defendant Caliper retaliated against him by failing to respond to his constant requests for medical treatment (Doc. 48-2, pp. 27-29). Plaintiff states that defendant Caliper ignored his requests for medical care because he filed grievances against her and sued her during the same year he had stomach problems. *Id.* However, the last grievance relating to his medical care that Plaintiff filed was in 2002 (Doc. 48-3, Exhibit C).

Defendant Caliper submitted an affidavit in which she testified that she never retaliated against Plaintiff. She further testified that during his incarceration at TCC, Plaintiff was under

"continual medical care," and the medical staff reviewed all of Plaintiff's requests slips relating to his stomach problems (Doc. 48-3, Exhibit B).

Plaintiff's retaliation claim against defendant Hinsley not only arises out of the 2003 lawsuit, but Plaintiff also wrote to TCC directors and told them defendant Hinsley was "not doing his job." (Doc. 48-2, pp. 23-24). Consequently, Plaintiff contends Hinsley, by failing to speak to the doctor on his behalf and obtain additional medical treatment for Plaintiff's illness, retaliated against him for taking these measures to voice his complaints. *Id.* Plaintiff surmises that since defendant Hinsley is the "active duty warden" at TCC, he could have spoken with the doctor and requested that Plaintiff receive another doctor outside of TCC. *Id.* at 21, 24.

In their motion for summary judgment, Defendants state they are entitled to prevail on summary judgment for two reasons. First, they claim the evidence does not support Plaintiff's contention that Defendants retaliated against them because "the chronology of events" shows otherwise. *See* Doc. 48. Second, they contend they are entitled to qualified immunity. *Id.* Although Defendants sent Plaintiff a notice warning him that he had to submit evidence in his response to their motion, Plaintiff chose not to respond to Defendants' motion at all. *See* Doc. 49.

## Conclusions of Law

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) states summary judgment is proper only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Haefling v. United Parcel Service, Inc.,* 169 F.3d 494, 497 (7th Cir. 1999); *Dempsey v. Atchison, Topeka and Santa Fe Railway Co.*, 16 F.3d 832, 836 (7th Cir. 1994). Specifically, "summary judgment is proper if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 320 (1986). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. *Hardin v. S.C. Johnson & Son, Inc*., 167 F.3d 340, 344 (7th Cir. 1999); *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997); *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1173 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. *Plair v. E.J. Brach & Sons*, Inc., 105 F.3d 343, 346 (7th Cir. 1997); *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994); *Dempsey*, 16 F.3d at 836. Summary judgment "will not be defeated simply because motive or intent are involved." *Roger v. Yellow Freight Systems, Inc.,* 21 F.3d 146, 148 (7th Cir. 1994). *See also Miller*, 168 F.3d at 312; *Plair*, 105 F.3d at 347; Cf. *Hong v. Children's Memorial Hospital*, 993 F.2d 1257, 1261 (7th Cir. 1993); *Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1258 (7th Cir. 1993). When deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

4

> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). *See also Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986); *Haefling,* 169 F.3d at 497-98.

### Plaintiff's Retaliation claims

Defendants will be entitled to summary judgment unless Plaintiff can show "(1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 2009 WL 529573, *3 (7th Cir. Mar. 4, 2009) (citing *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)). "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for a different reason, would have been proper." *Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir. 2005). However, the burden on the prisoner is "high" as he must show that his protected conduct was a motivating factor for the retaliation. *See Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996). Moreover, "the ultimate question is whether events would have transpired differently absent the retaliatory motive." *Id.* If the same action would have occurred regardless of the retaliatory motive, the claim fails. *See Spiegla v. Hull,* 371 F.3d 928, 942 (7th Cir. 2004). As the following discussion shows, Defendants are entitled to summary judgment on Plaintiff's retaliation claims.

The evidence before the Court — all submitted by Defendants — satisfies the first element of Plaintiff's retaliation claim because Plaintiff's grievances, letters, and lawsuit against

Defendants are all forms of speech that is protected by the First Amendment. *See DeTomaso v. McGinnis,* 970 F.2d 211, 214 (7th Cir. 1992) (noting that "because the Constitution protects an inmate's access to the courts, prison officials may not retaliate against those who seek or obtain such access."); *see also Babcock,* 102 F.3d at 275 (noting "the federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement . . . as the right to be free from retaliation for exercising this right."). "Prisoners are entitled to utilize available grievance procedures without the threat of recrimination, and if a prison official retaliates, he violates the inmate's First Amendment rights." *Rogers v. Hulick,* 2009 WL 56885, *4 (C.D. Ill. Jan. 6, 2009) (citing *Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005).

Proof that would defeat Defendants' motion, however, stops at the first element of Plaintiff's retaliation claim because there is nothing before the Court that demonstrates Plaintiff suffered any deprivation at all at the hands of Defendants let alone "deprivation that would likely deter First Amendment activity in the future." *See Bridges,* 2009 WL 29573 at *3. During the months of July through December of 2003, a TCC medical doctor treated Plaintiff for his stomach problems five times. *See* Docs. 1, 9, 48. Plaintiff's claim that defendant Caliper failed to his respond to his medical requests in which he sought medical treatment is therefore baseless. Defendant Caliper not only ensured that TCC medical staff reviewed Plaintiff's requests, she also made certain Plaintiff saw a physician when he needed to. (Doc. 48-3, Exhibit B). Plaintiff's assertion that the grievances he filed against defendant Caliper also do not support his retaliation claim because the last grievance Plaintiff filed that concerned his medical treatment was in 2002, and Plaintiff experienced stomach problems from July through December 2003. Thus, as Defendants contend, the chronology of events does not support an inference that

retaliation occurred. *See Age v. O'Brien,* 2000 WL 307396, *3 (7th Cir. Mar. 23 2000) (granting summary judgment against a plaintiff who filed a retaliation claim when he failed to prove a "chronology of events from which retaliation could be inferred.")

And while defendant Hinsley did not submit an affidavit to this Court, Plaintiff — who chose not to respond to Defendants' motion — did not provide the Court with any evidence supporting his assertion that defendant Hinsley failed to obtain additional medical treatment for his condition *because of* the lawsuit Plaintiff filed in 2003 or because of the letters Plaintiff claims he wrote about defendant Hinsley's work performance. Even if this Court presumes that defendant Hinsley — who is a non-medical professional — *could* obtain additional medical treatment for Plaintiff, Plaintiff has not produce any evidence showing that Plaintiff's letters, lawsuits, or grievances were "motivating factors" in defendant's Hinsley's decision to refrain from interfering with the treatment Plaintiff had received. *See Hasan v. United States Dept. of Labor,* 400 F.3d 1001, 1006 (7th Cir. 2005) (the litigant must prove that his conduct was a "motivating factor" in the state official's decision to retaliate against him).

Finally, Plaintiff's remaining retaliation claims fail because Plaintiff's failure to respond to Defendants' motion serves as an admission that Defendants' version of the facts is true. *See Terrell v. American Drug Stores,* 2003 WL 21018084, **1 (7th Cir. Apr. 28, 2003) (citations and quotations omitted) (noting courts "typically view the facts in the light most favorable to the non-moving party . . . but when a party fails to respond to a motion for summary judgment, its failure constitutes an admission ... that there are no disputed issues of genuine fact warranting a trial.") *See Flynn v. Sandahl,* 58 F.3d 238, 288 (7th Cir. 1995) (noting "the only effect of a non-movant's failure to respond to a motion for summary judgment is that it constitutes an admission by the non-movant that there are no disputed issues of genuine fact warranting a trial."); *Smith v.*

*Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). Consequently, the Court need not reach Defendants' second argument that their motion should be granted because they are entitled to qualified immunity.

Based on the foregoing discussion, it is **RECOMMENDED** that Defendants Caliper and Hinsley's Motion for Summary Judgment be **GRANTED** and that the case is dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 11, 2009**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
